IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | Bankruptcy No. 11-27241-CMB |
| ) | |
| William F. Scalera, ) | Chapter 7 |
|     Debtor, ) | |
| ) | Adversary No. 13-02103-CMB |
| Kenneth G. Bricker, Ellen Bricker, ) | |
| Pamela J. Meier, Richard F. Monning and ) | |
| Linda B. Monning, ) | |
|     Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| William F. Scalera, ) | |
|     Defendant. ) | |

*Appearances:* Peter V. Marcoline, Jr., Esq., for the Plaintiffs
Francis E. Corbett, Esq., for Defendant/Debtor.

**MEMORANDUM OPINION**

The matter before the Court is the *Defendant's Motion for Summary Judgment* ("Motion for Summary Judgment") filed by Defendant/Debtor, William F. Scalera, in the above-captioned adversary proceeding. Plaintiffs commenced the within adversary proceeding by filing their *Complaint to Determine Dischargeability of Debt* followed by an *Amended Complaint to Determine Dischargeability of Debt* (hereinafter the "Complaint") seeking exceptions from

discharge for certain judgments pursuant to 11 U.S.C. §1328(a)(2)[1] and §523(a)(19)(A)(i).[2] Debtor avers that Plaintiffs' Complaint is time-barred and as such, Debtor is entitled to summary judgment as a matter of law.

## Summary Judgment Standard

The standard for evaluating motions for summary judgment set forth in Fed.R.Civ.P. 56, made applicable to the within adversary proceeding by Fed.R.Bankr.P. 7056, provides that "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The moving party has the initial burden of identifying evidence which demonstrates the absence of material fact. *Rosen v. Bezner,* 996 F.2d 1527, 1530 (3d Cir.1993). Said burden may be satisfied by citing to materials in the record, including depositions, documents, affidavits, stipulations, admissions, and interrogatory answers. *See* Fed.R.Civ.P. 56(c). When deciding a motion for summary judgment, the court shall draw all inferences from the underlying facts in the light most favorable to the non-moving party. *Bezner,* 996 F.2d at 1530.

## Factual and Procedural History

The underlying facts of the matter are not in dispute. Following a bifurcated non-jury trial, on May 2, 2011, the Honorable R. Stanton Wettick, Jr. of the Court of Common Pleas of Allegheny County, Pennsylvania entered a *Decision and Order of Court*[3] finding that Plaintiffs

---

[1] As 11 U.S.C. §1328 is inapplicable to the within chapter 7 bankruptcy proceeding, the Court will not evaluate the instant motion pursuant to said section herein.

[2] This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§157 and 1334. This is a core matter pursuant to 28 U.S.C. §157(b)(2)(I), and the Court will enter final judgment. However, if the United States District Court determines pursuant to the rationale set forth in *Stern v. Marshall*, 131 S.Ct. 2593 (2011), that this Court does not have the authority to enter final judgment, then the Memorandum Opinion and Order entered shall constitute the Court's proposed findings of fact and conclusions of law and recommendation to the District Court.

[3] Attached to the *Amended Complaint to Determine Dischargeability* as Exhibit "2".

2

were entitled to a verdict against Debtor on claims brought under §1-503(a) of the Pennsylvania Securities Act.  A non-jury trial to establish damages was scheduled for December 1, 2011, however Debtor filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code on November 30, 2011, effectively staying said trial.  On December 7, 2011, Plaintiffs filed their *Motion for Relief from Automatic Stay Pursuant to 11 USC §362(d)(1)* ("Motion for Relief") seeking relief to pursue a money judgment against Debtor.  Debtor did not oppose the Motion for Relief and an *Order* granting Plaintiffs relief from stay was entered by the Court on January 24, 2012. Debtor's first §341(a) Meeting of Creditors was held on January 23, 2012.  In advance of this Meeting of Creditors, on December 27, 2011 the Court issued a *Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines* ("Notice").

On March 22, 2012, the non-jury trial was held to determine damages in the state court action and verdicts were entered on December 18, 2012.  In the interim, Debtor was granted a discharge on November 12, 2012.  Plaintiffs commenced the within adversary proceeding by filing their *Complaint to Determine Dischargeability* seeking exceptions from discharge for certain judgments pursuant to 11 U.S.C. §1328(a)(2) and §523(a)(19)(A)(i) on March 20, 2013; 423 days after the first set §341(a) Meeting of Creditors.  The following day, Plaintiffs filed their *Amended Complaint to Determine Dischargeability* seeking relief on the same grounds as the *Complaint to Determine Dischargeability*.  On April 22, 2013, Debtor filed his answer to the Complaint averring that the Complaint was untimely and a pretrial conference was held June 25, 2013.  At the pretrial conference, the parties represented to the Court that no hearing was required to resolve the issue of timeliness and that such determination would be made on motion for summary judgment and briefs.  A scheduling order was issued on June 26, 2013, and the

within Motion for Summary Judgment seeking dismissal of the Complaint for untimeliness was filed on August 26, 2013. *Plaintiffs' Response in Opposition to Defendant William F. Scalera's Motion for Summary Judgment* ("Response to Motion for Summary Judgment") was filed September 5, 2013, and the parties' briefs were both filed on October 22, 2013.

Discussion

At the outset of this analysis, the Court notes that Debtor's Motion for Summary Judgment fails to cite to any authority supporting its contention that the Complaint is time-barred.[4] However, in *Defendant's Brief in Support of Motion for Summary Judgment* ("Brief in Support") Debtor cites to an excerpt from *421 Chestnut Partners, LP v. Aloia (In re Aloia),* 496 B.R. 366, 380 (Bankr.E.D.Pa. 2013) as providing a "good summary of the Rule and standards behind the deadline set forth therein." In doing so, Debtor adopts by reference the statements set forth in the quotation. Specifically, Federal Rule of Bankruptcy Procedure 4004 mandates the filing of objections to discharge within sixty days of the first set meeting of creditors pursuant to §341 and Rule 2003(a). Thus, Debtor premises his argument that the Complaint is untimely, and therefore Debtor is entitled to summary judgment and dismissal of the Complaint, on Plaintiffs' failure to comply with the time constraints for filing an objection to discharge under Rule 4004. The Court rejects this position.

---

[4] The Court notes that in the Motion for Summary Judgment and Brief in Support, Debtor references the deadline to oppose dischargeability indicated on the Notice issued by the Court relative to the §341 Meeting of Creditors. The Notice, which set the "Deadlines to . . . Challenge Dischargeability of Certain Debts" as March 23, 2012, provides the following explanatory language of said deadline: "[i]f you believe that the debtor is not entitled to receive a discharge under Bankruptcy Code §727(a) or that the debt owed to you is not dischargeable under Bankruptcy Code §523(a)(2), (4), or (6), you must file a complaint --- or a motion if you assert the discharge should be denied under §727(a)(8) or (a)(9) --- in the bankruptcy clerk's office by the 'Deadline to Object to Debtor's discharge or to Challenge the Dischargeability of Certain Debtors'. . .". Based on the explanatory language, the Court finds that deadline inapplicable to actions under §523(a)(19) by omission and thus, is immaterial to the within analysis.

Rule 4004 states that "[i]n a chapter 7 case, a complaint, or a motion under §727(a)(8) or (a)(9) of the Code, ***objecting to the debtor's discharge*** shall be filed no later than 60 days after the first date set for the meeting of creditors under §341(a)." Fed.R.Bankr.P. 4004 (emphasis added). A plain reading of Rule 4004 reveals it to be inapplicable to the within matter. In the Complaint, Plaintiffs seek to deny dischargeability of a particular debt and not to deny Debtor's discharge generally, two wholly distinguishable actions the timeliness of which are governed by separate procedural rules.

> "Dischargeability" and "objections to discharge" are two (2) distinct proceedings, with different outcomes (nondischargeability of a single debt versus nondischargeability of all debts). They are based on different Bankruptcy Code provisions (§ 523(a) versus § 727(a)). And, most significantly for our purposes, the two (2) types of proceedings are governed by different procedural rules (Rule 4007 versus Rule 4004). Simply put, Rule 4007 has no applicability whatsoever to an objection to discharge; such a proceeding is governed solely by Rule 4004. See *In re Saunders,* 440 B.R. 336, 349 (Bankr.E.D.Pa.2006) (observing that Rule 4004 governs the deadline for filing complaints under § 727(a) while Rule 4007 applies to complaints under § 523(a)).

*In re Pocius*, BR 12-19380 ELF, 2013 WL 5777296, at *2 (Bankr.E.D.Pa. Oct. 24, 2013).

In contrast to objections to discharge, the timelines for filing a complaint to determine dischargeability of a debt pursuant to 11 U.S.C. §523 are set by Fed.R.Bankr.P. 4007, which, in itself, distinguishes between actions which are and are not brought under §523(c). See Fed.R.Bankr.P. 4007(b) and (c). According to Rule 4007, "[a] complaint other than under §523(c) may be filed at any time. A case may be reopened without payment of an additional filing fee for the purpose of filing a complaint to obtain a determination under this rule." Fed.R.Bankr.P. 4007(b). Conversely, in a chapter 7 liquidation, a complaint brought pursuant to §523(c), " . . . shall be filed no later than 60 days after the first date set for the meeting of

5

creditors under § 341(a)." Fed.R.Bankr.P. 4007(c). Thus, the timeliness of Plaintiffs' Complaint turns on whether its underlying cause of action falls within the purview of §523(c).

11 U.S.C. §523(c) provides:

**(c)(1)** Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section.

**(2)** Paragraph (1) shall not apply in the case of a Federal depository institutions regulatory agency seeking, in its capacity as conservator, receiver, or liquidating agent for an insured depository institution, to recover a debt described in subsection (a)(2), (a)(4), (a)(6), or (a)(11) owed to such institution by an institution-affiliated party unless the receiver, conservator, or liquidating agent was appointed in time to reasonably comply, or for a Federal depository institutions regulatory agency acting in its corporate capacity as a successor to such receiver, conservator, or liquidating agent to reasonably comply, with subsection (a)(3)(B) as a creditor of such institution-affiliated party with respect to such debt.

On its face, §523(c) fails to expressly include, and therefore appears to exclude, actions brought pursuant to §523(a)(19). This conclusion is supported by the findings of other courts both within and outside of the Third Circuit which hold that §523(a)(19) does not fall within the bounds of §523(c). See *In re Chan*, 355 B.R. 494, 503 (Bankr.E.D.Pa.2006)("A second significant aspect of §523(a)(19) is that determination of dischargeability under the provision is not committed exclusively to the bankruptcy court by 11 U.S.C. §523(c)."); *Guerriero v. Kilroy (In re Kilroy)*, 354 B.R. 476, 486 (Bankr.S.D. Texas 2006)("Since §523(a)(19) is not included under §523(c), the 60-day deadline of Rule 4007(c) is inapplicable; instead, Rule 4007(b)

governs"). This Court finds the analysis in *In re Chan, supra*, particularly persuasive.[5] Thus, the Court finds that §523(c) is not inclusive of §523(a)(19). Accordingly, the Complaint is not brought pursuant to §523(c) and the timeliness of the Complaint is governed by Rule 4007(b), which permits a complaint to be filed at any time.  As 4007(b) sets no deadline to file a complaint objecting to dischargeability of a debt thereunder, the Debtor has failed to demonstrate that no genuine issue of material fact exists to dispute Debtor's contention that the Complaint was untimely filed. To the contrary, significant evidence exists establishing that the Complaint was filed timely.  Therefore, Debtor is not entitled to summary judgment as a matter of law.[6]

Even if objections to dischargeability of a debt pursuant to §523(a)(19) were determined to be subject to the time constraints of Rules 4004 and/or 4007(c), this Court has previously held that "[t]he deadline for objections to discharge or to the dischargeability of a debt as set forth in *Rules 4004* and *4007* is not jurisdictional in nature therefore its enforcement is subject to equitable considerations." *Popa v. Calinoiu (In re Calinoiu)*, 431 B.R. 121, 123 (Bankr. W.D. Pa. 2010)(citations omitted). In their Response to Motion for Summary Judgment, and their

---

[5] In discussing the interplay between §523(c) and Rule 4007(c), the court in *In re Chan*, 355 B.R. at 500, observed that the ". . .Bankruptcy Code and the Bankruptcy Rules contemplate that dischargeability determinations under §523(a)(2), (4) and (6) will be made exclusively by the bankruptcy court and that a debt will be discharged unless a dischargeability determination is requested in the bankruptcy court within a time deadline fixed by the rules of court."  *Id.* at 500.  Accordingly, §523(c) has been viewed as delegating exclusive jurisdiction of nondischargeability claims arising under the subsections of §523(a) identified in §523(c) to the bankruptcy court. *Id.* at 500-501 (citations omitted).  The *Chan* court specifically asserts that dischargeability actions under §523(a)(19) are not committed exclusively to the bankruptcy court by §523(c).  *In re Chan*, 355 B.R. at 503. Consequently, this court finds that since §523(c) is not inclusive of §523(a)(19) for jurisdictional purposes, §523(a)(19) is similarly excluded from §523(c) relative to the within mater as well.

[6] As the facts in the within matter are not in dispute, the Court notes that the instant motion could have been brought alternatively as a motion to dismiss under Fed.R.Bankr.P. 7012(b) made applicable by Fed.R.Civ.P. 12(b). However, when applying the standard of review for a motion to dismiss set forth in *Coley v. Thomas (In re Thomas)*, 1-12-BK-07143-MDF, 2013 WL 3353884 (Bankr.M.D.Pa. July 3, 2013)(Addressing whether a motion to dismiss plaintiff's late-filed adversary complaint should be granted where plaintiff had knowledge that debtor had retained bankruptcy counsel prior to the bar date), the overarching issue ultimately remains whether the Complaint was filed timely.  As this Court has determined that the Complaint was subject to no deadline pursuant to Rule 4007(b) and thus, timely filed, the motion to dismiss would similarly fail.

corresponding brief, Plaintiffs aver that if the Court were to find that the deadlines asserted by Rules 4004 and/or 4007(c) were to apply, that several grounds for equitable relief exist in the within matter including waiver, manifest injustice, notice, consent, and de facto extension of the time for objection.  As this Court has determined that neither of the deadlines for filing an objection to discharge/dischargeability of a debt under Rules 4004 and/or 4007(c) apply, the Court need not address these arguments at this time.

## Conclusion

For the foregoing reasons, the *Defendant's Motion for Summary Judgment* is denied as the Debtor failed to demonstrate that no genuine issue of material fact exists to contest Debtor's averment that the Complaint is time-barred.  Accordingly, the Debtor is not entitled to summary judgment as a matter of law. An appropriate Order will be entered consistent with this Memorandum Opinion.

Dated: November 8, 2013                                    /s/ Carlota M. Böhm
                                                          Carlota M. Böhm
                                                          United States Bankruptcy Judge

**CASE ADMINISTRATOR TO MAIL TO:**
Peter V. Marcoline, Esq.
Francis E. Corbett, Esq.